IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TRACY LYNN TILLMAN,

      Plaintiff,

v.                                      Case No. 1:21-cv-79-AW-MJF

KILOLO KIJAKAZI, Acting
Commissioner of the Social Security
Administration,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND AFFIRMING COMMISSIONER'S DECISION

Tracy Lynn Tillman challenges the Commissioner's decision denying her disability benefits. The ALJ agreed with Tillman's assertion that her fibromyalgia constituted a severe impairment, but he ultimately concluded she did not have a disability because she could still work.

The magistrate judge issued a report and recommendation, concluding that "the ALJ erred by failing to evaluate properly Tillman's fibromyalgia under SSR 12-2p." ECF No. 19 at 2. The magistrate judge thus recommends reversal and remand, so that the ALJ may consider the issues further. Although I agree with parts of the magistrate judge's report and recommendation, I disagree with the ultimate conclusion. I therefore adopt the report and recommendation in part, but I affirm the Commissioner's decision.

The magistrate judge accurately sets out the procedural history and standard of review. I adopt and incorporate into this order Sections I, II, and III of the report and recommendation.

I also agree with the magistrate judge that Tillman's arguments about the treating-physician rule cannot succeed. Tillman contends that the ALJ had to afford deference to her treating physician's views about her condition. But as the magistrate judge explains, that rule does not apply here because that rule does not apply to claims—like Tillman's—that were filed on or after March 27, 2017. *See Harner v. SSA Comm'r*, 38 F.4th 892, 897 (11th Cir. 2022).

What is left is Tillman's assertion that the ALJ "failed to evaluate the severity of the claimant's fibromyalgia impairment under SSR-12-2p and the combined effects of [] Tillman's fibromyalgia symptoms on her ability to work as required by the Commissioner's regulations." ECF No. at 17 at 3 (citation omitted). On this point, I disagree with Tillman and the magistrate judge.

"Social Security Ruling 12-2p provides guidance on how the SSA develops evidence that a person has a medically determinable impairment of fibromyalgia and how it evaluates fibromyalgia in disability claims." *Sorter v. SSA Comm'r*, 773 F. Appx. 1070, 1073 (11th Cir. 2019); *see also generally* SSR 12-2p, 2012WL 3104869 (July 25, 2012). Much of the ruling sets out considerations for determining whether someone does or does not have fibromyalgia. Here, the issue is not whether Tillman

had fibromyalgia: the ALJ found she did and that it was a severe impairment. *See* R.19. But the ruling also addresses how to determine whether a person with a fibromyalgia impairment is disabled: "[W]e use a 5-step sequential evaluation process to determine whether an adjust with [a medically determinable impairment] of [fibromyalgia] is disabled." 2012 WL 3104869 at *5. This is just "[a]s with any adult claim for disability benefits," *id.*, and this is precisely what the ALJ did.

In a detailed order, the ALJ went carefully through the steps and detailed the evidence that supported his conclusions. It is true that the order does not specifically mention Ruling 12-2p, but that is not dispositive. *Cf. Sorter*, 773 F. Appx. at 1073 ("Although Sorter is correct that the ALJ did not specifically cite Ruling 12-2p, substantial evidence supports the conclusion that the ALJ properly evaluated her fibromyalgia under the two-step process set out in the Ruling because he considered the medical evidence, found that Sorter had a severe impairment, and evaluated that impairment using the five-step process."). There is no indication that the ALJ omitted any consideration that the Ruling requires. Tillman seeks a remand so that the ALJ can "properly assess Plaintiff Tillman's Fibromyalgia under SSR-12-2p," ECF No. 17 at 12, but the record shows that—as in *Sorter*—the ALJ properly evaluated the claim.

Tillman points to the Ruling's indication that a "longitudinal" analysis is appropriate. *Cf.* SSR 12-2P, 2012 WL 3104869 at *3 (July 25, 2012) ("When a

person alleges FM, longitudinal records reflecting ongoing medical evaluation and treatment from acceptable medical sources are especially helpful in establishing both the existence and severity of the impairment."); *id.* at \*6 ("For a person with FM, we will consider a longitudinal record whenever possible because the symptoms of FM can wax and wane so that a person may have 'bad days and good days.'"). But there was no showing that the ALJ's analysis was short of that. The ALJ's analysis covered records over a period of time; it was not a snapshot in time. The ALJ carefully considered the entire record, pointing to many different exams and records relating to different time periods. R. 18-26.

The bottom line is that substantial evidence supports the ALJ's decision.

*       *       *

The clerk will enter a judgment that states "The decision of the Commissioner is affirmed." The clerk will then close the file.

SO ORDERED on August 23, 2022.

s/ *Allen Winsor*
United States District Judge

4